## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDITH ONORATO,
          Appellant,

      v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
AT-315H-16-0645-I-1

DATE: June 7, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Mark Wonders, Ozark, Alabama, for the appellant.

Sally R. Bacon, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision in part, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The Department of Veterans Affairs has recognized the appellant as having a service-connected disability with a disability rating of 100%. Initial Appeal File (IAF), Tab 6 at 5-6. The agency appointed her to a competitive-service position on June 1, 2015, subject to a 1-year probationary period. IAF, Tab 11 at 4. The Standard Form 50 documenting her appointment reflects that she was preference eligible and had 3 years and 3 days of creditable military service. *Id.* at 6. On May 16, 2016, the appellant reported to agency police that the previous day, her supervisor "swung a sheet of paper with a closed fist at [the appellant's] face causing her to have to lean back to avoid being struck." IAF, Tab 6 at 8. On May 29, 2016, the agency terminated her on the basis of her absence without leave (AWOL). IAF, Tab 10 at 17. The termination notice advised the appellant of her options for obtaining review of the agency's decision, including her option to seek corrective action from the Office of Special Counsel (OSC), followed by an appeal to the Board. *Id.* at 17-18. The notice also stated that, alternatively, she could file a whistleblower reprisal appeal directly with the Board. *Id.* at 18. Nothing in the record suggests the appellant sought corrective action from OSC, and her appeal form indicates she did not file a whistleblower complaint with OSC. IAF, Tab 1 at 5.

¶3 The appellant filed this appeal, in which she alleged that the agency wrongfully terminated her because of her service-connected disability of Post Traumatic Stress Disorder. IAF, Tab 1 at 4-6, Tab 7 at 4-7. The administrative judge issued an order that notified the appellant of her jurisdictional burden. IAF, Tab 3. In particular, the administrative judge explained that to be entitled to a hearing on jurisdiction, the appellant was required to make nonfrivolous allegations that she was an "employee" with chapter 75 adverse action appeal

rights, the action was due to partisan political reasons or her marital status, or the agency took the action for preappointment reasons without complying with certain mandated procedures. *Id.* In response, the appellant alleged that the Board had jurisdiction over her appeal because: (1) she advised the agency of her preexisting service-connected disability when she was appointed, and that condition precipitated her AWOL; and (2) during her probationary period, she was denied an accommodation, assaulted by her supervisor, and the agency "seemingly retaliated against" her by denying her request for sick leave for the absences in question "a mere 10 days after [her] first-line supervisor assaulted her." IAF, Tab 7. The agency filed a motion to dismiss the appeal for lack of jurisdiction, arguing that the appellant was terminated for her conduct during the probationary period, and not for a preappointment reason. IAF, Tab 9.

¶4 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 2, Tab 12, Initial Decision (ID) at 1. She reasoned that the parties did not dispute that the appellant was terminated during her probationary period. ID at 2. Further, the administrative judge determined that the appellant failed to nonfrivolously allege that she was terminated based on marital status discrimination or partisan political affiliation, or for conditions arising before her appointment. ID at 2-3. The appellant has filed a timely petition for review, to which the agency has not responded. Petition for Review (PFR) File, Tab 1.

¶5 On review, the appellant reiterates her position that the Board has jurisdiction over her appeal because she was terminated for absences precipitated by her preexisting medical condition. *Id.* at 4, 11. She now argues that the agency should have designated her absences as protected under the Family and Medical Leave Act of 1993 (FMLA). *Id.* at 6-11. She also asserts for the first time on review that she "filed a police report on her supervisor for assaulting her" and reprisal for that report was "the [l]one factor in [the] [t]ermination [d]ecision." *Id.* at 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly found that the Board lacks jurisdiction under chapter 75 and Office of Personnel Management (OPM) regulations over the appellant's probationary termination.</u>

¶6      To establish Board jurisdiction under 5 U.S.C. chapter 75, an appellant must show, among other things, that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1).  *See* 5 U.S.C. §§ 7512, 7513(d); *Sosa v. Department of Defense*, 102 M.S.P.R. 252, ¶ 6 (2006) (explaining that an "employee" within the meaning of 5 U.S.C. § 7511(a)(1) has appeal rights from certain agency actions, such as a removal for cause).  For an employee in the competitive service, this generally means she must either not be serving a probationary period under an initial appointment or have completed 1 year of current continuous service under other than a temporary appointment of 1 year or less.[2]  5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).  However, an employee in the competitive service who does not satisfy either definition may nevertheless establish Board jurisdiction under OPM regulations if she shows she was discriminated against based on her marital status or for partisan political reasons when terminated, or that her termination was based on preappointment reasons.  *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 10 (2010); 5 C.F.R. §§ 315.805-315.806.

¶7      It is undisputed that, at the time of her termination, the appellant did not meet the statutory definition of "employee" with Board appeal rights under chapter 75.  ID at 2.  Further, the appellant has not challenged the administrative judge's finding that she failed to nonfrivolously allege discrimination based on marital status or for partisan political reasons, and we discern no reason to disturb

---

[2] Effective November 25, 2015, 10 U.S.C. § 1599e(a), along with statutory amendments to 5 U.S.C. § 7511(a)(1)(A)(ii), outline that individuals appointed to a permanent competitive-service position at the Department of Defense must serve a 2-year probationary period.  However, the appellant's appointment began before these statutory changes.  IAF, Tab 11 at 4.

that finding on review. PFR File, Tab 1. Rather, she raises an FMLA claim. *Id.* at 4, 11. The Board, however, distinguishes a preexisting condition and the effect a preexisting condition has on an employee's performance or conduct during the probationary period. *See West v. Department of Health & Human Services*, 122 M.S.P.R. 434, ¶ 10 (2015). The appellant's AWOL during her probationary period, even if necessitated by her preexisting medical condition, cannot qualify as a preappointment reason for her termination. *See Holloman v. Department of the Navy*, 31 M.S.P.R. 107, 110 (1986) (finding that the Board lacked jurisdiction over a probationary appellant's attendance-based termination even if his absences were caused by a preexisting medical condition).[3]

¶8      The appellant also reiterates her allegations that, during her probationary period, she was denied an accommodation and subjected to retaliation. PFR File, Tab 1 at 5; IAF, Tab 10 at 48-49. The administrative judge correctly found that neither the appellant's failure-to-accommodate claim nor her retaliation claim, as raised below, provided an independent basis for Board jurisdiction. ID at 3; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over a claim of discrimination based on a disability); *Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 219-21 (1995) (observing that an allegation of postappointment retaliation based on an equal employment opportunity claim

---

[3] Absent an otherwise appealable action, we are without authority to adjudicate the appellant's FMLA claim, even if the Board ultimately has jurisdiction over a potential individual right of action (IRA) appeal under the Whistleblower Protection Enhancement Act of 2012, or a discrimination claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA), as described below. *See Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001) (declining to adjudicate an appellant's FMLA claim in the absence of chapter 75 jurisdiction); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (providing that prohibited personnel practices under 5 U.S.C. § 2302(b) are not independent sources of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

filed prior to the appointment cannot supply jurisdiction), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (Table).

#### We remand for further proceedings because the appellant did not receive explicit notice of what is required to establish Board jurisdiction based on her allegations.

¶9      We find that the instant appeal needs to be remanded for further proceedings, because it appears that the appellant may be attempting to raise an individual right of action (IRA) appeal under the Whistleblower Protection Enhancement Act of 2012, or a discrimination claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).[4]

¶10      An appellant must receive explicit information on what is required to establish Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Burwell v. Department of the Army*, 78 M.S.P.R. 645, ¶¶ 8-9 (1998) (remanding appeal due to the administrative judge's failure to advise the appellant what was required to establish Board jurisdiction over an IRA appeal).  The administrative judge's orders, initial decision, and agency's submissions did not provide the appellant with notice on the jurisdictional requirements of an IRA appeal.  IAF, Tabs 3, 9; ID at 2-3; *see Harris v. U.S. Postal Service*, 112 M.S.P.R. 186, ¶ 9 (2009) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the notice that was otherwise lacking).  Although her appeal form indicates she did not file a whistleblowing complaint with OSC, the appellant may have been under the impression that she was not required to exhaust her OSC remedy due to the agency's notice of termination, which suggested she could file an IRA appeal in

---

[4] The Board's jurisdiction over a USERRA claim is not dependent on an appellant invoking USERRA.  *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1485 (Fed. Cir. 1998).  USERRA claims are broadly and liberally construed.  *Tindall v. Department of the Army*, 84 M.S.P.R. 230, ¶¶ 6-7 (1999).

the first instance with the Board. IAF, Tab 1 at 5, Tab 10 at 18. This guidance was in error, because an individual seeking corrective action for whistleblower reprisal under 5 U.S.C. § 1221 is required to seek corrective action from OSC before seeking corrective action from the Board in an IRA appeal. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 15 (2013). The appellant has alleged that the agency retaliated against her after she filed a report with agency police that her supervisor assaulted her. IAF, Tab 7 at 5-6; PFR File Tab 1 at 5-6. Because it appears the appellant participated in an investigation into the assault incident by agency police, she may have engaged in protected activity by "cooperating with or disclosing information to . . . [an agency] component responsible for internal investigation or review." IAF, Tab 6 at 8-9; 5 U.S.C. § 2302(b)(9)(C). Further, a claim of assault may be a protected disclosure of a violation of law, rule, or regulation. 5 U.S.C. § 2302(b)(8)(A)(i); *see Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 11 (2005) (determining that the disclosure of an assault is a disclosure of a violation of law, rule, or regulation).

¶11 The appellant needs to be advised that to establish Board jurisdiction over an IRA appeal, she must show that she exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following: she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(a), (e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Because the appellant was not so informed, it is necessary to remand this appeal to the regional office to provide her with an adequate opportunity to establish jurisdiction. *Burwell*, 78 M.S.P.R. 645, ¶ 9.

¶12 Regarding her possible USERRA claim, the appellant stated that she is a decorated disabled veteran and provided evidence that she has a 100% disability

rating.  IAF, Tab 6 at 5-6, Tab 7 at 4-5.  She may have been attempting to raise a claim that the agency discriminated against her due to her service-connected disability.  IAF, Tab 7 at 4-6.  If the fact that the appellant incurred the injury during military service is incidental to her claim of disability discrimination, then it does not, on its own, make her claim a USERRA claim.  *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998).  Conversely, if the appellant is alleging the agency's actions, culminating in and including her termination, were motivated by her status as a disabled veteran, the Board may have jurisdiction over her claim.  *Lazard v. U.S. Postal Service*, 93 M.S.P.R. 337, ¶ 8 (2003).  Neither the administrative judge nor the agency's submission provided the appellant with notice on the jurisdictional requirements of a USERRA claim.  IAF, Tabs 3, 9; ID at 2-3.

¶13    Therefore, the appellant also needs to be advised that to establish Board jurisdiction over a USERRA discrimination claim under 38 U.S.C. § 4311(a), she must nonfrivolously allege that:  (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the performance of duty or obligation to perform duty in the uniformed service was a substantial or motivating factor in the denial.  *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017); *see Bryant*, 878 F.3d at 1325-26 (articulating the "substantial or motivating factor" standard) (citation omitted).

**ORDER**

¶14    For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order. The administrative judge may adopt her prior findings regarding the Board's lack

of jurisdiction over the appellant's termination under chapter 75 and 5 C.F.R. §§ 315.805-.806 in her remand initial decision.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.